# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:20-cv-00065-MR-WCM

| | |
|---|---|
| **ROBERT NEVILLE, MD,** | )<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | )  **O R D E R**<br>) |
| **BETSY McCAGHREN,** | )<br>) |
| Defendant. | )<br>) |

**THIS MATTER** is before the Court *sua sponte* upon review of the Plaintiff's "De Novo Complaint for Damages" [Doc. 1] and the Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs [Doc. 2].

## I. BACKGROUND

The Plaintiff Robert Neville, M.D. (the "Plaintiff"), initiated an action against Elizabeth McCaghren on January 21, 2020, asserting claims related to the death of their mother and the administration of her estate. [Civil Case No. 1:20-cv-00065-MR-WCM, at Doc. 1]. On January 27, 2020, the Court dismissed that action *sua sponte*, finding that it lacks subject-matter jurisdiction over the Plaintiff's claims because they challenge the validity of a will, which is a matter for state probate courts. [Id. at Doc. 3].

On February 7, 2020, the Plaintiff filed a "First Amended Complaint for Damages-Estate Fraud" in the same action. [Id. at Doc. 7]. Upon review of the Plaintiff's filing, the Court discovered that the Plaintiff had filed similar actions in other courts based on the same factual allegations. [Id. at Doc. 8]. After reviewing the Plaintiff's claims and those prior cases, the Court concluded that the Plaintiff's First Amended Complaint presented a frivolous or malicious case. [Id.]. Accordingly, the Court dismissed the Plaintiff's First Amended Complaint on March 2, 2020. [Id.].

On the same date, the Plaintiff filed this new action against Betsy McCaghren, again asserting claims related to the death of their mother and the administration of her estate. [Doc. 1].[1] The Plaintiff's "De Novo Complaint for Damages" raises the same claims as the case that was dismissed on March 2, 2020. [See Civil Case No. 1:20-cv-00065-MR-WCM, at Docs. 1, 7].

## II. STANDARD OF REVIEW

Because the Plaintiff, who is proceeding *pro se*, seeks to proceed in forma pauperis, the Court must examine the pleadings to determine whether

---

[1] The Plaintiff's brought his January 21, 2020 and February 7, 2020 claims against Elizabeth McCaghren and brings these claims against Betsy McCaghren. It appears from the Plaintiff's filings, however, that Elizabeth McCaghren and Betsy McCaghren are the same person.

this Court has jurisdiction and to ensure that the action is not frivolous or malicious and states a claim upon which relief can be granted. See 28 U.S.C. § 1915(e)(2)(B)(i) and (ii); see also Michau v. Charleston Cty., S.C., 434 F.3d 725, 728 (4th Cir. 2006) (noting that § 1915(e) "governs IFP filings in addition to complaints filed by prisoners"). The district court "shall dismiss the case at any time if the court determines that . . . the action . . . is frivolous or malicious . . . ." Id. The district court has "wide discretion" when considering whether to dismiss a case under § 1915." Adams v. Rice, 40 F.3d 72, 74 (4th Cir. 1994).

## III. DISCUSSION

For the reasons stated by the Court in its March 2, 2020 Order, [See Civil Case No. 1:20-cv-00065-MR-WCM, at Doc. 8], the Plaintiff's "De Novo Complaint for Damages" [Doc. 1] will be stricken from the record because it violates 28 U.S.C. § 1915(e)'s prohibition against "frivolous or malicious" actions.

This is the second pleading that the Plaintiff has filed in this Court bringing the same legal claims arising from the same facts against the same defendant. Litigants do not have an absolute and unconditional right of access to the courts in order to prosecute frivolous, successive, abusive or vexatious actions. See Demos v. Keating, 33 F. App'x 918, 920 (10th Cir.

2002); Tinker v. Hanks, 255 F.3d 444, 445 (7th Cir. 2002); In re Vincent, 105 F.3d 943, 945 (4th Cir. 1997).  District courts have inherent power to control the judicial process and to redress conduct which abuses that process. Silvestri v. Gen. Motors Corp., 271 F.3d 583, 590 (4th Cir. 2001).

The Plaintiff is hereby informed that future frivolous or malicious filings will result in the imposition of a pre-filing review system.  Cromer v. Kraft Foods N. Am., Inc., 390 F.3d 812, 818 (4th Cir. 2004); Vestal v. Clinton, 106 F.3d 553, 555 (4th Cir. 1997).  If such a system is placed in effect, pleadings presented to the Court which are not made in good faith and which do not contain substance, will be summarily dismissed.  See Foley v. Fix, 106 F.3d 556, 558 (4th Cir. 1997).  Thereafter, if such writings persist, the pre-filing system may be modified to include an injunction from filings. In re Martin–Trigona, 737 F.2d 1254, 1262 (2d Cir. 1984).

## O R D E R

**IT IS, THEREFORE, ORDERED** that the Plaintiff's "De Novo Complaint for Damages" [Doc. 1] is hereby **STRICKEN**.  The Clerk of Court is respectfully requested to close this case.

**IT IS FURTHER ORDERED** that the Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs [Doc. 2] is **DENIED AS MOOT**.

**IT IS SO ORDERED.**

Signed: March 9, 2020

Martin Reidinger
United States District Judge